Case 4:15-cv-00384 Document 9 Filed in TXSD on 03/24/16 Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
March 24, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY MURILLO, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-384 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

This case is before the Court on Petitioner Anthony Murillo's Petition for Writ of Habeas Corpus, and Respondent William Stephens' Motion for Summary Judgment. Having carefully considered the Petition, the Motion, and the arguments and authorities submitted by the parties, the Court is of the opinion that Respondent's Motion should be GRANTED, and Murillo's Petition for Writ of Habeas Corpus should be DENIED.

I.  **Background**

Murillo pled guilty to murder in the 182nd District Court of Harris County, Texas. On March 27, 2006, that court sentenced him to 35 years imprisonment. Murillo did not appeal. [Petition at 3].

Murillo filed a state application for a writ of habeas corpus on April 24, 2013. [SH-03 at 13].[1] The application was denied without written order on January 14, 2015. *Id.* at [Action Taken Page]. Murillo filed this federal petition on February 9, 2015. Respondent now moves for summary judgment on the grounds that the petition is barred by the statute of limitations.

---

[1] "SH" refers to the proceedings of Murillo's state habeas corpus application.

II.     Analysis

A.     **The Standard for Summary Judgment in Habeas Corpus Cases**

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). Insofar as they are consistent with established habeas practice and procedure, the Federal Rules of Civil Procedure apply to habeas cases. *See* Rule 11 of the Rules Governing Section 2254 Cases. In ordinary civil cases, a district court considering a motion for summary judgment is required to construe the facts in the case in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986) ("The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor"). Where a state prisoner's factual allegations have been adversely resolved by express or implicit findings of the state courts, however, and the prisoner fails to demonstrate by clear and convincing evidence that the presumption of correctness established by 28 U.S.C. § 2254(e)(1) should not apply, it is inappropriate for the facts of a case to be resolved in the petitioner's favor. *See Marshall v. Lonberger*, 459 U.S. 422, 432 (1983); *Sumner v. Mata*, 449 U.S. 539, 547 (1981); *Foster v. Johnson*, 293 F.3d 766, 777 (5th Cir. 2002); *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000); *Emery v. Johnson*, 940 F.Supp. 1046, 1051 (S.D. Tex. 1996), *aff'd*, 139 F.3d 191 (5th Cir. 1997). Consequently, where facts have been determined by the Texas state courts, this Court is bound by such findings unless an exception to 28 U.S.C. § 2254 is shown.

### B. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") took effect on April 24, 1996. Under AEDPA, a State prisoner has one year in which to file a federal habeas corpus petition. *Fierro v. Cockrell,* 294 F.3d 674, 679 (5th Cir. 2002).

The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of *certiorari* with the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). Thus, Murillo's conviction became final on April 26, 2006, 30 days after sentencing, when the time expired for Murillo to appeal. Absent tolling, the statute of limitations expired on April 26, 2007.

28 U.S.C. § 2244(d)(2) provides that the statute of limitations is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent . . . claim is pending . . . ." Murillo did not file his state habeas corpus application until April 24, 2013. By that time, there was no limitations period left to toll.

Murillo acknowledges that his petition is untimely. *See* [Memorandum in Support of Petition at 3]. He argues, however, that he can avoid the limitations bar because he is actually innocent.

C.    **Actual Innocence**

Murillo argues that he is actually innocent of the crime for which he was convicted. He bases this argument on a witness statement provided to the Houston Police Department by Rikki Prohit. Murillo alleges that Prohit stated that the victim and his brother had "what appeared to be a knife." [Memorandum in Support of Petition at 2]. Murillo further claims that Prohit stated that the complainant or his brother slammed Murillo's head into a concrete pillar, after which Murillo shot at the victim and his brother. He claims that this evidence shows that he shot in self-defense. He further contends that this grants him an exception to the statute of limitations under the Supreme Court's decision in *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013).

To show actual innocence,

> [T]he prisoner must show a fair probability that, in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after trial, the trier of the facts would have entertained a reasonable doubt of his guilt.

*Kuhlmann v. Wilson*, 477 U.S. 436, 455 n.17 (1986). More succinctly, the petitioner must show that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of the evidence now presented. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

In connection with Murillo's state habeas corpus application, trial counsel Brian Coyne submitted two affidavits. In the first affidavit, Coyne states that it is his standard practice to assess a client's mental competency. He further states that he has a degree in psychology, and saw no signs of incompetency or irrationality in Murillo. [SH-03 at 73-74]. Coyne also states that he does not recall Murillo telling him that he suffered head trauma, and that Coyne would have called for expert assistance had Murillo done so. *Id.* at 111. In his second affidavit, Coyne

states that the prosecutor maintained an open file policy, and that he (Coyne) reviewed the entire file on more than one occasion.  *Id.* at 110.  Coyne further states that he reviewed Prohit's witness statement and concluded that the statement was not helpful to Murillo.  It does not appear that the statement is in the record before this Court, but Coyne states that Prohit said that Murillo "just started shooting the black guys without any provocation or warning."  *Id.* at 112.

Murillo now argues, citing the transcript of his sentencing hearing, that Coyne's affidavit constitutes perjury.  He quotes Coyne as stating at the hearing that "I don't think Mr. Murillo actually knows what happened that day . . . He told me he doesn't remember it, and I think its pretty clear from there that his memory is inconsistent with what actually happened."  *See* [Exh. D to Memorandum in Support of Petition at 9-10].  Murillo seems to imply that this statement is inconsistent with statements in Coyne's affidavit stating that he saw no sign of mental defect in Murillo.  Murillo neglects to mention, however, that Coyne's courtroom statement that Murillo did not remember the events of the murder was based on testimony by Murillo's sister that Murillo was drunk on the night of the murder, not based on any evidence of head trauma or mental defect.  *See id.* at 7, 9-10.  Murillo thus fails to demonstrate any inconsistency, let alone perjury, in Coyne's affidavit.

The habeas petitioner in *Perkins*, unlike Murillo, presented newly discovered evidence of actual innocence, including an affidavit asserting that another man confessed to the crime.  *Id.* at 1929.  Murillo's actual innocence argument consists of part of a witness statement that existed, and was disclosed to counsel, before Murillo entered his plea.  Because Murillo's actual innocence argument relies on a witness statement that:  a) existed at the time Murillo pled guilty; and b) incriminated Murillo, he fails to make a convincing showing that he is actually innocent.  He therefore fails to show an applicable exception to the statute of limitations.

**III****    Conclusion**

For the foregoing reasons, respondent's motion for summary judgment is granted and Murillo's petition for a writ of habeas corpus is dismissed with prejudice.

**IV.    Certificate of Appealability**

Murillo has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing ruling. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

The Supreme Court has stated that:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This Court has carefully considered Murillo's petition. The Court finds that jurists of reason would not find it debatable that the petition is foreclosed by the statute of limitations. This Court therefore concludes that Murillo is not entitled to a certificate of appealability.

V.  **Order**

For the foregoing reasons, it is ORDERED as follows:

A. Respondent William Stephens' Motion for Summary Judgment (Dkt. No. 7) is GRANTED;

B. Petitioner Anthony Murillo's Petition for Writ of Habeas Corpus (Dkt. No. 1) is DISMISSED AS TIME-BARRED; and

C. No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 24th day of March, 2016.

_____
Kenneth M. Hoyt
United States District Judge